IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


THERESA TRUJILLO,

        Plaintiff,

  vs.                                   CIVIL NO.   12-216 JP/LFG

SEARS, ROEBUCK AND CO.,

        Defendant.


## ORDER DIRECTING PRODUCTION OF JOURNAL

THIS MATTER is before the Court following an *in camera* review of Plaintiff Theresa Trujillo's ("Trujillo") original journal.  Upon learning that Trujillo maintained a journal relating to the accident and her medical condition, Defendant sought to compel Trujillo to produce it.  Trujillo objected.  The Court ordered production of the journal for an *in camera* review.  [Doc. 27].  The Court completed a review and now issues its ruling.

### Analysis

The starting point for consideration of discovery disputes is at Fed. R. Civ. P. 26(b)(1), which provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Thus, the test is simple.  Is the proposed discovery relevant to a party's claim or defense?  If it is, then it is discoverable unless protected by privilege, and if the requester's need for the information outweighs the opposing party's need for privacy.  Burka v. U.S. Dep't of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

In this case, Trujillo maintained a handwritten journal, with the first entry dated January 26, 2010, and the last entry dated May 9, 2011.  The journal details dates, times and discussions between Trujillo and Defendant's adjusters and representatives concerning her accident and injuries.  It includes Trujillo's recitation of how the accident occurred and describes her injuries and treatment.  It also includes her efforts to resolve her claims and to secure counsel to assist her.  Trujillo summarizes discussions with medical professionals concerning her condition, and includes an overview of how she was feeling as a result of her injury.  She describes her efforts to engage in physical therapy as recommended by her physician, and her use of a prescribed "TENS" unit.[1]

For the most part, the journal appears to be a real-time recitation of Trujillo's condition and her efforts to resolve the dispute.  She outlines particular portions of her body that are causing pain, the medication taken, the physical therapy performed, and her physical, mental and emotional condition.

In her journal, Trujillo acknowledges a prior injury and pre-existing back condition, but discusses the extent to which she believes her back was aggravated by the fall.  Trujillo details her efforts to provide Defendant with her medical records, statements, invoices, subrogation information, hospital bills, as well as her efforts to secure disability benefits through her employment.

Trujillo's journal entries in this case are not the kind of soul-baring disclosures of private personal information typically found in journals or diaries.  The entries do not consist of

---

[1]"Transcutaneous electrical nerve stimulation (TENS) is the use of electric current produced by a device to stimulate the nerves for therapeutic purposes. . . . TENS is a non-invasive, low risk nerve stimulation intended to reduce pain, both acute and chronic. Controversy exists as to its effectiveness in the treatment of chronic pain." **http://en.wikipedia.org/wiki/** Transcutaneous_electrical_nerve_stimulation (8/31/2012).

introspective ruminations and personal thoughts reduced to writing, or of deeply personal and private reflections.  They contain, almost entirely, factual information which Trujillo likely intends to present at trial, and, as such, there is not the same kind of privacy interests at issue that the Court found in Smith v. City of Albuquerque, No. CIV 01-416 BB/LFG, Doc. 192 (D.N.M. Oct. 24, 2002), where disclosure of the diaries was deemed an intrusion of the highest magnitude in violation of a party's emotional integrity.

Even if the journal is relevant to the claims and defenses and not privileged, the Court must still balance one party's need for the information against another party's privacy interests.  Burka v. U.S. Dep't of HHS.  In this case, because the journal is replete with information concerning the accident and its aftermath, and because the journal does not contain information that would be embarrassing or harmful to Trujillo if ordered produced, the balance must tip in favor of production.  The Court concludes that the journal is relevant to Trujillo's claims and to Defendant's defenses.  It is not privileged and is, therefore, discoverable.

The Court orders Trujillo to produce the journal, but allows Trujillo to redact from the journal the entries concerning her attempts to locate counsel, and counsel's comments or decisions on whether to accept representation.  *See, e.g.*, entries TT Journal 2.  Those comments will qualify as being attorney/client privileged.  The redacted journal should be produced to Defendant within ten days after entry of this Order.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge